NO. 07-11-0285-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 6, 2012

DON WATLEY,

Appellant

v.

THE STATE OF TEXAS,

Appellee

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2010-429,005; HONORABLE JOHN J. "TREY" MCCLENDON, III, PRESIDING

*Memorandum Opinion*

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant Don Watley was convicted after a guilty plea of possession of a firearm by a convicted felon. On appeal, he challenges the trial court's denial of his motion to suppress the evidence on the basis that the law enforcement officer had no reasonable suspicion that he was or would soon be engaged in criminal activity. We affirm the judgment.

We review the trial court's ruling on a motion to suppress under the standard discussed in *Ford v. State,* 158 S.W.3d 488 (Tex. Crim. App. 2005). Under that

standard, we defer to the trial court's resolution of historical fact but consider *de novo* its conclusions of law. *Id.* at 493. A law enforcement officer may detain an individual for investigative purposes without a warrant if he has a reasonable, articulable suspicion the person has been, is, or soon will be engaged in criminal activity. *Id.* at 492. In determining whether the officer acted reasonably, we examine the totality of the circumstances. *Foster v. State,* 326 S.W.3d 609, 613 (Tex. Crim. App. 2010).

The only witness at the suppression hearing was State Trooper Jerry Johnson. He testified that, on September 6, 2010, around 3:00 a.m., he was driving south on FM 400 when he observed a pickup truck driving out of a field. Because the area is one where intoxicated motorists often drive, he followed the truck. However, he observed no erratic driving or traffic violations and, after watching the vehicle turn into the driveway of a home, he decided to break off contact. Before he did so, though, he happened to see two feet of the barrel of a gun sticking out of the driver's window. At that point, he turned around, activated his lights and pulled up behind the truck. The driver, later identified as appellant, had started moving to the door of the house and was attempting to get into the residence. However, he then moved back in front of his vehicle where Johnson could not see him so Johnson pulled his gun and told appellant to move towards the back of the vehicle. When Johnson saw that appellant was not carrying a gun, Johnson put his weapon back in his holster and asked appellant if he had a weapon in the vehicle which appellant denied. Nevertheless, the trooper saw through the driver's window a shotgun lying on the floorboard. Johnson stated that he

was aware of a law prohibiting hunting from a vehicle as well as one prohibiting hunting at night.[1]

Appellant argues that the observation of the gun was the only fact that the officer relied on in detaining appellant and that alone is not sufficient because it is not illegal to carry a gun in a vehicle in plain view. Yet, the trooper was entitled to rely on the totality of the circumstances available to him even though each by itself may not have been sufficient to justify an investigative detention. *Morgan v. State,* 304 S.W.3d 861, 868 (Tex. App.–Amarillo 2010, no pet.) (stating that circumstances viewed independently of each other which could indicate innocent activity may give rise to reasonable suspicion). Those circumstances included a vehicle driving 1) at 3:00 a.m., 2) in an area with several houses scattered around, 3) from an open field to the roadway (there being no indication that he was driving on a road in the field), 4) with a shotgun sticking out the driver side window, and 5) into the driveway of a house. Together, they evince sufficiently suspicious activity to justify a stop. *Hill v. State,* 951 S.W.2d 244, 247 (Tex. App.–Houston [14th Dist.] 1997, no pet.) (stating that the facts need not suggest the commission of a particular offense as any sufficiently suspicious activity may justify a stop). None of the authorities cited by appellant suggesting otherwise involve like circumstances.

Accordingly, the judgment is affirmed.

Per Curiam

---

[1]TEX. PARKS & WILD. CODE ANN. § 62.004 (West 2002) (no person may hunt any wild bird, wild fowl or wild game animal between one-half hour after sunset and one-half hour before sunrise); *Id.* § 62.003(a) (West Supp. 2012) (no person may hunt any wild bird or wild animal except for specified creatures from a motor vehicle).

3